IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON DUANE HEMPHILL,  §<br>  Plaintiff,  §<br>  §<br>v.  §<br>  §<br>THE EXECUTIVE BRANCH OF  §<br>THE UNITED STATES  §<br>GOVERNMENT, et al.,  §<br>  Defendants.  § | No. 3:22-cv-01238-E (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Jason Duane Hemphill. This case was originally filed in the Fort Worth Division of the Northern District of Texas. On June 7, 2022, the case was transferred to the Dallas Division of the Northern District of Texas. That same day, the Court issued a Consent Form (ECF No. 9) and Notice and Instructions to a *Pro Se* Party (ECF No. 10). On June 9, 2022, the Court issued an order granting Hemphill leave to proceed *in forma pauperis* (ECF No. 11). On June 21, 2022, the mail was returned to the Court as "RETURN TO SENDER, ATTEMPTED NOT KNOWN, UNABLE TO FORWARD." (ECF No. 13 at 1; ECF No. 14 at 1.) Hemphill has failed to provide the Court with a new address. Therefore, this case should be dismissed without prejudice under Rule 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, this litigation cannot proceed because Hemphill has failed to keep the Court apprised of his current address. Hemphill filed this case on May 27, 2022, and that same day, the Court mailed him Instructions to a Prisoner *Pro Se* Party, which advised him: "You must notify the Court if your address changes, or your case may be dismissed." (ECF No. 5 at 1.) Hemphill has failed to provide the Court with a current address, and the Court is unable to communicate with him regarding his case.

By failing to provide the Court with a current address, Hemphill has failed to comply with a court order and failed to prosecute his lawsuit. Dismissal without prejudice is warranted under these circumstances. The Court should dismiss Hemphill's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed June 22, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).